NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

ROBERT JOE HERRERA, *Petitioner*.

No. 1 CA-CR 26-0012 PRPC

FILED 07-13-2026

---

Petition for Review from the Superior Court in Maricopa County
No. CR2019-140592-001
The Honorable Max H. Covil, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Robert Joe Herrera, Phoenix
*Petitioner*

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge James B. Morse Jr. joined.

**F U R U Y A**, Judge:

**¶1**  Robert Herrera seeks review of the superior court's dismissal of his untimely post-conviction relief ("PCR") petition filed under Arizona Rule of Criminal Procedure ("Rule") 33.1. We grant review but deny relief.

## FACTS AND PROCEDURAL HISTORY

**¶2**  In 2019, a grand jury indicted Herrera for sexual conduct with a minor, molestation (two counts), attempt to commit sexual conduct with a minor, aggravated luring, and sexual exploitation of a minor. Herrera entered into a plea agreement with the State. Under the plea agreement's terms, Herrera would plead guilty to attempting to commit sexual conduct with a minor, attempting to commit molestation, and attempting to commit sexual exploitation of a minor—all dangerous crimes against children. In return, the parties stipulated to a 7.5-year prison sentence with a lifetime probation tail upon Herrera's absolute discharge from the Department of Corrections, and the remaining charges would be dismissed, along with pending charges in two other case numbers. The superior court accepted the plea agreement and sentenced Herrera according to the plea agreement's terms. After sentencing, Herrera signed a notice of his rights to PCR that read, "you must file a Notice of Post-Conviction Relief within 90 days after the oral pronouncement of sentence." The rights notice also warned Herrera that if he did not "file a Notice Requesting Post-Conviction Relief within the required time, you may lose the opportunity to have the court correct any error that might have occurred in your case." After serving his prison sentence, Herrera began his probation in February 2026.

**¶3**  In 2025, Herrera filed a PCR notice. In the notice, Herrera sought to justify his late filing by referring to a series of legal authorities and vaguely claiming that the State concealed the violation of his rights. Herrera did not elaborate on which rights were violated, when he discovered the violation, how soon after the discovery he filed, or why he could not have discovered the violations sooner by exercising reasonable diligence. The superior court found "Defendant thus fails to adequately explain a filing delay in excess of four years." Nonetheless, the court

addressed the issues raised by Herrera when he checked the boxes on the notice form and dismissed the PCR notice.

¶4        Herrera then filed a motion for reconsideration. In the motion, Herrera explained that he was unaware that he signed the notice of rights form and blamed his lawyer for not giving him his papers. The court denied the motion, noting that Herrera had indeed signed the notice of rights form.

¶5        Herrera petitioned this court for review. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") Section 13-4239(C) and Rule 33.16.

## DISCUSSION

¶6        This court will not disturb a superior court's ruling on a PCR petition absent an abuse of discretion or error of law. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012); *State v. Macias*, 249 Ariz. 335, 340 ¶ 16 (App. 2020). It is the petitioner's burden to show the superior court abused its discretion by denying the petition for post-conviction relief. *State v. Poblete,* 227 Ariz. 537, 537 ¶ 1 (App. 2011). We review the court's legal conclusions de novo. *State v. Pandeli*, 242 Ariz. 175, 180 ¶ 4 (2017). A defendant must strictly comply with the PCR rules to be eligible for relief. *Canion v. Cole*, 210 Ariz. 598, 600 ¶ 11 (2005); *State v. Carriger,* 143 Ariz. 142, 146 (1984) ("Petitioners must strictly comply with Rule 32 or be denied relief.").

## I.        Herrera Waived His Claims Under Rule 33.1(a) by Filing His Notice After the Time to File Expired.

¶7        Rule 33.4(b)(3)(A) requires a defendant to file their PCR notice for claims under Rule 33.1(a) within 90 days after sentencing. Rule 33.4(b)(3)(D) allows a court to excuse an untimely filing if the defendant adequately explains why the failure "was not the defendant's fault." In *State v. Ainsworth*, the court held that the without-fault language applies "when a court has not informed a defendant of the right to seek post-conviction relief or when someone else has interfered with a defendant's attempt to file a timely petition." 250 Ariz. 457, 459 ¶ 7 (App. 2021).

¶8        Herrera received and signed for his notice rights. The notice specifically explained how to file a notice.

> How to File. You must obtain a copy of Form 24(b) (Notice Requesting Post-Conviction Relief) from your attorney, the clerk of the court, or staff at the jail or prison where you are incarcerated. Complete the notice and file it with, or send it

3

to, the clerk of the superior court of the county where you were sentenced. The notice must arrive at the clerk's office within the time specified in paragraph 2.

*See also* Ariz. R. Crim. P. 17.2(a)(5) (Before accepting a guilty plea, the court must address the defendant personally and determine that he or she understands the plea, waives the right to an appeal, and the defendant must proceed through PCR under Rule 33.) Herrera's claim that he did not remember receiving the notice's admonition does not show that the delay was justified, and the court did not abuse its discretion by denying the Rule 33.1(a) claims.

## II. The Remaining Claims Lack Merit, So the Court Did Not Abuse Its Discretion by Denying Them.

¶9        Herrera claimed that (1) the court lacked subject matter jurisdiction (Rule 33.1(b)); (2) his punishment is illegal (Rule 33.1(c)); (3) he will be held in custody beyond the expiration of his sentence (Rule 33.1(d)); and (4) newly discovered and material facts support relief (Rule 33.1(e)). Initially, Herrera did not elaborate on any of these claims in his notice. In his reconsideration motion, he included a memorandum that was not attached to his notice that he claims explained his position. Much of the memorandum is difficult to follow. The parts of the memorandum addressing claims under Rule 33.1(a) are waived because of Herrera's late filing and will not be further addressed. Herrera's claims that could fall under Rule 32.1(b)–(e) had to be raised within a reasonable time after he discovered the basis for the claim. Ariz. R. Crim. P. 33.4(b)(3)(B). While it does not appear that Herrera raised the claims within a reasonable time, we nonetheless reject them on their merits.

### A. Subject matter jurisdiction

¶10        Under our constitution, the superior court has original jurisdiction of "[c]riminal cases amounting to felony." Ariz. Const. art. VI, § 14(4); *see also* A.R.S. § 12–123(A) ("The superior court shall have original and concurrent jurisdiction as conferred by the constitution . . . ."). Because the State prosecuted felony charges against Herrera, the superior court had subject matter jurisdiction in this case.

### B. Newly discovered material facts, an illegal sentence, and being held beyond the expiration of his sentence.

¶11        Herrera's claim of an illegal sentence and of being held beyond the expiration of his sentence constitutes his "newly discovered

material fact." Herrera's assertion that he discovered a new legal theory is not a newly discovered fact. A claim of newly discovered evidence requires discovery of "material *facts*," not assertion of new legal arguments. Ariz. R. Crim. P. 33.1(e) (emphasis added).

¶12         Rule 33.1(d) provides for post-conviction relief if "the defendant continues to be or will continue to be in custody after his or her sentence expired." This provision includes "claims such as miscalculation of sentence or computation of sentence credits that result in the defendant remaining in custody when he or she should be free." *See* Ariz. R. Crim. P. 32.1(d) cmt. As noted above, Herrera has been released from custody and is now on lifetime probation. He is not "in custody" for purposes of qualifying for relief under this subsection.

¶13         Finally, as for his claim of an illegal sentence, the crux of Herrera's argument is that there is an inherent conflict between A.R.S. Section 13-902(A) and (E), and therefore he should have been sentenced under subsection (A) and not (E). Herrera's argument is frivolous.

¶14         When two statutes appear to conflict, we attempt to harmonize their language to give effect to each. *State v. Wagstaff,* 164 Ariz. 485, 491 (1990). A.R.S. Section 13-902 governs the probationary periods that courts may impose following criminal convictions. Subsection (A) sets forth the standard maximum probation periods by felony classification, with Class 2 felonies carrying no more than seven years. This subsection provides the default framework for most felony convictions in Arizona.

¶15         Subsection (E) operates as an exception to the general rule established in subsection (A). It provides that:

> after conviction of a felony offense or an attempt to commit any offense that is included in chapter 14 or 35.1 of this title or § 13-2308.01, 13-2308.03, 13-2923, 13-3212 or 13-3623, if probation is available, probation may continue for a term of not less than the term that is specified in subsection A of this section up to and including life.

A.R.S. § 13-902(E). This language explicitly references subsection (A) as establishing the minimum probation period, while authorizing courts to extend probation up to life for the specifically enumerated offenses.

¶16         Arizona courts have consistently interpreted these subsections as complementary rather than conflicting. In *State v. Peek*, our supreme court analyzed subsection (E) in the context of lifetime probation

for dangerous crimes against children, recognizing that the provision authorizes extended probation terms for specific offenses beyond the general maximums in subsection (A). 219 Ariz. 182, 184 ¶ 10 (2008) ("Thus, lifetime probation was clearly available for an attempted child molestation occurring before 1994 or after the effective date of the 1997 amendment.").

¶17        The court in *Demarce v. Willrich* confirmed that trial courts have discretion to impose lifetime probation for designated felony offenses under subsection (E), establishing that this provision functions as an enhancement mechanism rather than a contradiction of subsection (A). 203 Ariz. 502, 506 ¶ 15 (App. 2002) ("Thus, the trial court has both the discretion to impose lifetime probation and accept a plea agreement that includes a term of lifetime probation.").

¶18        Herrera's decision to enter into a plea agreement that stipulated a lifetime probation tail was appropriate. The term was not illegal and the superior court did not abuse its discretion by denying Herrera's claim to the contrary.

**CONCLUSION**

¶19        We grant review but deny relief.

